OPINION
{¶ 1} Plaintiff-appellant State of Ohio appeals from the December 20, 2004, Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, denying its objection to the Magistrate's Report.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 22, 2004, appellee Jessica Nader was involved in a traffic accident. As a result, a traffic complaint was filed against appellee alleging that she had failed to yield from private property in violation of R.C. 4511.44 and 2152.021. After appellee denied the allegations in the complaint, a trial was scheduled before a Magistrate for October 21, 2004. Deputy Bryan Manser, who issued the complaint to appellee, was subpoenaed by appellant to appear at trial. The trial court docket indicates that Deputy Manser was served with the subpoena on October 15, 2004.
 {¶ 3} On October 21, 2004, the scheduled trial date, Deputy Manser failed to appear. After noting that the prosecutor had subpoenaed the deputy and had done "everything that she was supposed to do", the Magistrate denied appellant's motion for a continuance of the trial date, stating that "I feel strongly that the case is scheduled everybody should be here on that date." Transcript of October 21, 2004, at 4. The Magistrate then dismissed the matter with prejudice at appellee's request. The Magistrate's Decision was filed on October 25, 2004.
 {¶ 4} Appellant then filed an objection to the Magistrate's Decision. Appellant, in its objection, argued that the Magistrate had abused her discretion in denying appellant's motion for a continuance of the trial and in refusing to allow appellant to proceed with its case. Appellant further argued that the Magistrate had erred and/or abused her discretion in dismissing the case with prejudice.
 {¶ 5} A hearing on appellant's objection was held on December 17, 2004. At the hearing, appellant indicated to the trial court that although the subpoena had been served on the deputy's office, Deputy Manser was on vacation at the time and "apparently there was some confusion with his supervisor getting his subpoena and he [Deputy Manser] did not personally receive it." Transcript of December 17, 2004, hearing at 5. Appellant further indicated to the trial court as follows:
 {¶ 6} "BY MS. WARLOP: . . . he [Deputy Manser] contacted me almost immediately after I got back down to my office [on October 21, 2004], because I had called the Sheriff's department, and they contacted him, he had absolutely no idea about this because he had not — until he came in to work returning from vacation he did not realize that he was under subpoena and he was scheduled to come back from vacation that day. However, Your Honor, at the time, the State also indicated that we were prepared to proceed with trial even without the presence of the deputy, however, we were not permitted to proceed with trial, the juvenile's motion to dismiss was immediately granted." Transcript of December 17, 2004 hearing at 6. Appellant also argued on the record that the other driver who was involved in the traffic accident was present for trial on October 21, 2004, and that it was error to dismiss the case with prejudice.
 {¶ 7} In turn at the objection hearing, defense counsel argued to the trial court that appellee, appellee's father and a passenger in appellee's car were present on October 21, 2004, as witnesses and were prepared to go forward. While defense counsel, when asked by the trial court, stated that he did not know if appellant had made a request to actually try the case on such date without Deputy Manser, defense counsel stated that "I don't know if there was a request or not, . . . but I know that there was some statement made that at least the other witnesses, which were lay witnesses were present . . ." Transcript of December 17, 2004, hearing at 10.
 {¶ 8} Pursuant to a Judgment Entry filed on December 20, 2004, the trial court overruled appellant's objection.
 {¶ 9} Appellant now raises the following assignments of error on appeal:
 {¶ 10} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING THE STATE'S REQUEST FOR A REASONABLE CONTINUANCE.
 {¶ 11} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DISMISSING THE CASE WITH PREJUDICE WHEN NO WITNESSES HAD BEEN SWORN AND NO EVIDENCE WAS PRESENTED."
 {¶ 12} For purposes of judicial economy, we shall address appellant's assignments of error out of sequence.
 II {¶ 13} Appellant, in its second assignment of error, argues that the trial court abused its discretion in dismissing the case with prejudice when no witnesses had been sworn and no evidence was presented. We agree.
 {¶ 14} As is stated above, Deputy Manser, although subpoenaed by the prosecution, did not appear for trial on October 21, 2004. While appellant, in its brief, contends that it indicated to the Magistrate that it had other witnesses present and was prepared to proceed with the trial on October 21, 2004, even though the deputy did not appear, by appellant's own admission, such discussion was off the record.
 {¶ 15} However, appellee's counsel stated as follows when asked by the trial court at the objection hearing whether the Magistrate refused to allow the trial to proceed without Deputy Manser:
 {¶ 16} "BY THE COURT: There was some preliminary conversation that her deputy wasn't there, that there had been some con — some attempts to contact them, but they couldn't.
 {¶ 17} "BY THE COURT: But is your representation as an officer of the Court, was there a request made by the State to actually try the case?
 {¶ 18} "BY MR. LINDSEY: There was some — I don't know if there was a request, or not, Your Honor, but I know that there was some statement made that at least the other witnesses, which were the lay witnesses were present, that's all I know. . . ." Transcript of December 17, 2004, hearing at 9-10.
 {¶ 19} Based on the foregoing, there is evidence that appellant was prepared to proceed to trial without Deputy Manser on October 21, 2004, but that the Magistrate refused to allow appellant to present any evidence in support of the allegations against Jessica Nader. The Magistrate, after denying the State's request for a continuance, never asked the State if it was prepared to proceed without Deputy Manser. Rather, the Magistrate, immediately after denying the request for a continuance, indicated that she was dismissing the case. We concur with appellant that "it was arbitrary, unreasonable and unconscionable for the trial court to dismiss the State's case with prejudice without permitting the State to present its case." There is no dispute that double jeopardy had not yet attached.
 {¶ 20} Appellant's second assignment of error is, therefore, sustained.
 I {¶ 21} Based on our disposition of appellant's second assignment of error, appellant's first assignment of error is moot.
 {¶ 22} Accordingly, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is reversed and this matter is remanded to the trial court for further proceedings.
Edwards, J. Boggins, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings. Costs assessed to appellee.